IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BANCENTRE CORP., a Washington Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs | ) ) | NO. CIV-13-604-D |
| ATLANTIC MANAGEMENT CORPORATION, an Oklahoma corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# **O R D E R**

Before the Court is Plaintiff's motion for summary judgment [Doc. No. 40]. None of the Defendants have responded to Plaintiff's motion, although they were granted extensions of time to do so. However, pursuant to *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002), the Court does not deem the motion confessed but determines whether the asserted material facts are properly supported and if so, whether those facts entitle Plaintiff to judgment as a matter of law.

The Court finds the following material facts are properly supported and not controverted by Defendants. Plaintiff Bancentre Corp. is the holder of four promissory notes executed and delivered to Plaintiff by Defendant Atlantic Management Corporation (AMC). The dates and amounts of those notes are as follows:

| | |
|---|---|
| December 8, 2009 | $2,505,000.00 |
| April 28, 2010 | $ 350,000.00 |
| August 17, 2010 | $ 500,000.00 |
| November 7, 2011 | $1,200,000.00 |

Plaintiff is also the holder of a promissory note dated June 2, 2011 in the amount of $500,000 executed and delivered to Plaintiff by Defendant Crown Funding, LLC (Crown). On October 2, 2009, December 8, 2009, April 28, 2010, August 17, 2010, May 31, 2011 and November 10, 2011, Defendants Wayne Copeland and Karen Copeland each individually executed separate continuing Guaranty Agreements in favor of Plaintiff guaranteeing payment of all amounts owed by Defendants AMC and/or Crown to Plaintiff. Defendants AMC and Crown have each defaulted on their respective notes by failing to timely pay the required amounts of principal and interest and other charges and expenses required under the notes and related mortgages and have failed to cure their defaults, after required notice thereof, and are indebted to Plaintiff for the amounts set forth below:

| Note | Principal | Interest through 10/31/13 | *Per diem* beginning 11/1/13 |
|---|---|---|---|
| AMC Note 12/08/09 | $2,850,693.61 | $528,497.58 | $1,167.72 |
| AMC Note 04/28/10 | $ 50l,675.44 | $ 93,581.24 | $ 206.16 |
| AMC Note 08/17/10 | $ 632,645.29 | $ 118,016.68 | $ 259.99 |
| AMC Note 11/07/11 | $1,134,738.31 | $ 210,897.40 | $ 466.33 |
| **Total** | **$5,119,752.65** | **$ 950,934.26** | |
| Crown Note 06/02/11 | $ 231,411.06 | $ 43,171.69 | $ 95.10 |

Neither Wayne Copeland nor Karen Copeland has made any payments under their respective Guaranty Agreements.

Substantially contemporaneously with execution of the notes and/or at the time of subsequent advances made on the notes, AMC executed the following mortgages covering the following tracts of land in favor of Plaintiff to secure the notes:

2

| Mortgage Date | Amount | Record Date | Tract # |
| --- | --- | --- | --- |
| 10/02/09 | $ 350,000.00 | 10/05/09 | 1 |
| 12/08/09 | $2,505,000.00 | 12/09/09 | 2, 3 & 4 |
| 04/28/10 | $ 350,000.00 | 05/11/10 | 1 |
| 08/17/10 | $ 500,000.00 | 08/18/10 | 5 |
| 12/15/10 | $ 119,000.00 | 01/10/11 | 1 |
| 12/15/10 | $ 103,000.00 | 01/10/11 | 5 |
| 10/28/11 | $1,200,000.00 | 10/2811 | 2,3 & 4 |
| 05/08/12 | $ 500,000.00 | 05/18/12 | 2, 3 & 4 |

AMC has defaulted under each of the mortgages referenced above by defaulting on payment of its notes identified above.

Defendant Billy E. Fowler (Fowler) claims some right, title or interest in tracts 1 and 2 mortgaged to Plaintiff, pursuant to an Assignment of Mortgage from Republic Bank & Trust to Fowler, which assignment was recorded with the Cleveland County Clerk on September 11, 2009. On the following dates, Fowler signed and recorded Subordination Agreements agreeing to subordinate his mortgage interest to Plaintiff's various mortgages, as specified in the Subordination Agreements:

| Agreement Date | Record Date |
| --- | --- |
| 10/02/2009 (Tract 1) | 10/05/2009 |
| 12/08/2009 (Tract 2) | 12/09/2009 |
| 04/24/2010 (Tract 1) | 05/11/2010 |
| 12/15/2010 (Tract 1) | 01/10/2011 |
| 11/04/2011 (Tract 2) | 11/04/2011 |
| 04/13/2012 (Tract 2) | 05/18/2012 |

Defendant Forge Realty, LLC (Forge) claims some right, title or interest in tract 3 mortgaged to Plaintiff, pursuant to an Assignment of Mortgage from Republic Bank & Trust to Forge, which assignment was recorded with the Cleveland County Clerk on September 15,

2009. On the following dates, Forge signed and recorded Subordination Agreements agreeing to subordinate its mortgage interest to Plaintiff's various mortgages, as specified in the Subordination Agreements:

| Agreement Date | Record Date |
| --- | --- |
| 12/08/2009 | 12/09/2009 |
| 11/04/2011 | 11/04/2011 |
| 04/13/2013 | 05/18/2012 |

Defendant G.O.P.H., LLC (GOPH) claims some right, title or interest in tract 5 mortgaged to Plaintiff, by virtue of an Assignment of Mortgage from Stillwater National Bank & Trust Company to GOPH, which assignment was recorded with the Cleveland County Clerk on June 5, 2009. On the following dates, GOPH signed and recorded Subordination Agreements agreeing to subordinate its mortgage interest to Plaintiff's various mortgages, as specified in the Subordination Agreements:

| Agreement Date | Record Date |
| --- | --- |
| 08/17/2010 | 08/18/2010 |
| 12/15/2010 | 01/10/2011 |

Defendant Guenevere, Inc. (Guenevere) claims some right, title or interest in tract 4 mortgaged to Plaintiff, by virtue of an original Mortgage granted to Guenevere by AMC recorded with the Cleveland County Clerk on January 24, 2008. On the following dates, Guenevere signed and recorded Subordination Agreements agreeing to subordinate its mortgage interest to Plaintiff's various mortgages, as specified in the Subordination Agreements:

| Agreement Date | Record Date |
|---|---|
| 12/07/2009 | 12/09/2009 |
| 11/04/2011 | 11/04/2011 |
| 04/12/2012 | 05/18/2012 |

Defendant Professional Properties of Norman, Inc. (PPN) claims some right, title or interest in tracts 2, 3 and 4 mortgaged to Plaintiff, pursuant to an original mortgage granted to PPN by AMC recorded with the Cleveland County Clerk on February 4, 2008. On the following dates, PPN signed and recorded Subordination Agreements agreeing to subordinate its mortgage interest to Plaintiff's various mortgages, as specified in the Subordination Agreements:

| Agreement Date | Record Date |
|---|---|
| 12/07/2009 | 12/09/2009 |
| 11/04/2011 | 11/07/2011 |
| 04/17/2012 | 05/18/2012 |

To secure payment of the June 2, 2011 note from Crown to Plaintiff, Crown contemporaneously executed and delivered to Plaintiff on June 2, 2011 a Security Agreement granting Plaintiff a security interest in collateral consisting generally of restaurant furniture, fixtures and equipment installed or located in the restaurant property. Crown has admitted that the Agreement grants Plaintiff a special ownership interest in the collateral in the event of default, and further admits that Plaintiff is now entitled, in view of the admitted default, to take possession of the collateral and dispose of it in a commercially reasonable manner.

Defendants Williams Automatic Sprinkler, LLC (Williams), Samuel Ray Adams (Adams), and Blanchard Building Center, Inc. (Blanchard) may claim some interest in the

mortgaged property by virtue of mechanics' or materialmen's liens. Defendant THJ Realty, LLC (THJ) may claim some interest in the mortgaged property by virtue of a judgment lien. The mechanics' and materialmen's liens are subordinate to Plaintiff's mortgages. Adams' lien is subordinate because it has lapsed inasmuch as he did not sue to foreclose his lien within one year after the date of the filing, *see* Okla. Stat. tit. 42, §§ 149 & 172, and because Adams' lien rights could not have attached until after November 14, 2011 when he entered into a contract to perform work for Defendant Wayne Copeland and his affiliated company. *See American First Title & Trust Co. v. Ewing*, 403 P.2d 488 (Okla. 1965). Williams' lien claim on the mortgaged property is subordinate to Plaintiff because in its Answer Williams "disclaims its interest in the above styled litigation and real property which is the subject of the instant foreclosure action." Blanchard's lien claim is subordinate to Plaintiff's mortgages because Blanchard has defaulted in this case, see Entry of Default [Doc. No. 36], and by virtue thereof Blanchard has confessed Plaintiff's allegations and claim for relief. THJ claims a lien pursuant to an assignment of judgment from Slagi, LLC taken against AMC, as evidenced by the original Statement of Judgment filed on October 11 2012, which was subsequent to the recording of all of Plaintiff's mortgages. Therefore, pursuant to Okla. Stat. tit. 42, § 15, THJ's judgment lien is subordinate to Plaintiff's mortgages.

Based upon the foregoing undisputed material facts, the Court concludes that Plaintiff is entitled to judgment as a matter of law on its Complaint herein. Plaintiff as the holder of promissory notes from AMC and Crown, who are in default, is entitled to enforce the notes

against those Defendants. Therefore, Plaintiff is entitled to *in personam* money judgments against those Defendants in the amounts, which are undisputed, as set forth above. Plaintiff is also entitled to *in personam* money judgments against Defendants Wayne Copeland and Karen Copeland, jointly and severally, for the indebtedness of both AMC and Crown. Plaintiff is also entitled to judgment *in rem* determining that all of Plaintiff's mortgages are valid, prior and superior to the claims of AMC; to the claims of Defendants Fowler, Forge, GOPH, Guenevere and PPN by virtue of Subordination Agreements those parties signed; and to the lien claims of Defendants Williams, Adams, Blanchard and THJ, and for foreclosure of Plaintiff's mortgages. Plaintiff is also entitled to an *in rem* judgment determining that the right, title and interest of any and all persons or parties claiming by or through any of the Defendants (except the Cleveland County Treasurer and Commissioners to the extent of any valid *ad valorem* tax claims) are subject, junior and inferior to Plaintiff's mortgage liens, and that such persons and entities are forever barred from asserting any claims against Plaintiff's interest in the mortgaged properties. In addition, Plaintiff is entitled to judgment *in rem* determining that Plaintiff's security interest in the personal property collateral described herein pledged to Plaintiff by Crown is valid, prior and superior to any claim or interest held or alleged by Crown or AMC, foreclosing the security interest and ordering that possession of the collateral be delivered to Plaintiff for disposition in a commercially reasonable manner, with the proceeds to be applied first to the costs of that disposition, and then in satisfaction of Plaintiff's money judgment against Crown.

In addition, Plaintiff is entitled to a money judgment for its costs herein, and such other costs and expenses as allowed pursuant to the notes, mortgages, security agreement, or as allowed by law. Finally, Plaintiff is entitled to a money judgment for a reasonable attorney's fee incurred in connection with this case and as allowed pursuant to the notes, mortgages, security agreement, or by law, subject to a proper motion for attorney fees by Plaintiff.

In accordance with the foregoing, Plaintiff's motion for summary judgment [Doc. No. 40] is GRANTED. Plaintiff is directed to prepare and submit to the Court within 7 days an appropriate judgment consistent with this Order.

IT IS SO ORDERED this 11th day of March, 2014.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE